UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 08-514-JMH

JOHN DAY, a/k/a JUNIOR GRANT,                                            PETITIONER

V.                        **MEMORANDUM OPINION AND ORDER**

NANCY DOOM, Warden,                                                    RESPONDENT

\* \* \* \* \*

This matter is before the court on petitioner's motion for leave to proceed *in forma pauperis* on appeal [Record No. 23], and on petitioner's request for the issuance of a Certificate of Appealability [Record No. 25].

In considering the foregoing motions, the court must first determine whether the appeal is taken in good faith. See 28 U.S.C. § 1915(a)(3) ("[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."); 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b)(1) and 24(a)(3)(A). A certificate of appealability may issue only "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner must show that reasonable jurists could find in his favor, and the "question is the debatability of the underlying federal constitutional claim, not the resolution of that debate." *Miller-El v. Cockrell*, 537 U.S. 322, 342 (2003).

In this case, petitioner claims that there was insufficient evidence to support his conviction for first-degree assault and that the trial court violated his Sixth and Fourteenth Amendment rights by denying his motion for a directed verdict of acquittal.

In evaluating petitioner's claim on direct appeal, the Kentucky Court of Appeals recognized that: (1) pursuant to KRS 508.010(1)(a), a person is guilty of first-degree assault when he "intentionally causes serious physical injury to another person by means of a deadly weapon or a dangerous instrument," (2) pursuant to KRS 501.020(1), a "person acts intentionally with respect to a result or to conduct described by a statute defining an offense when his conscious objective is to cause that result or to engage in that conduct," and (3) "(i)ntent may be inferred from actions

because a person is presumed to intend the logical and probable consequences of his conduct and a person's state of mind may be inferred from actions preceding and following the charged offense." *Parker v. Commonwealth*, 952 S.W.2d 209, 212 (Ky. 1997) (regarding a homicide). Based on the circumstances presented in Day's case, the Kentucky Court of Appeals determined that the jury could reasonably conclude that Day intentionally caused Hope serious physical injury.

In this case, the jury was presented with testimony from both Day and the assault victim, Terry Hope, as to the events that transpired on the day that Day shot Hope, and the jury gave more weight to Hope's testimony than it did to Day's testimony. The Kentucky Court of Appeals also recognized that as a matter of law, the victim's testimony need not be perfect or flawless and that any flaws in Hope's testimony or any inconsistencies between Hope's testimony and Day's testimony were matters for the jury, not the court, to decide, since questions as to the credibility and weight to be given the testimony are reserved for the jury. For these reasons, the appellate court noted that the evidence is sufficient if the victim's testimony taken as a whole could induce a reasonable belief by the jury that the crime occurred.

In considering Day's self-defense argument, the Kentucky Court of Appeals also recognized that a defendant who relies upon self-defense is rarely entitled to a directed verdict. *West v. Commonwealth*, 780 S.W.2d 600, 601 (Ky. 1989). "Only in the unusual case in which the evidence conclusively establishes justification and all of the elements of self-defense are present is it proper to direct a verdict of not guilty." *Id*. In Day's case, the appellate court concluded that while the evidence supported the self-protection instruction given to the jury, it did not **conclusively establish** self-defense and that based on Hope's testimony, the jury could reasonably conclude that (a) Day did not believe that force was necessary to protect himself against "death, serious physical injury, kidnapping, sexual intercourse compelled by force or threat, felony involving the use of force, or under those circumstances permitted pursuant to KRS 503.055," and (b) Day did not believe Hope posed any threat to him. For these reasons, the appellate court held that the trial court committed no error by not granting a directed verdict in Day's favor.

In considering petitioner's habeas petition, the court previously concluded that the Kentucky Court of Appeals correctly analyzed petitioner's claim on appeal and that petitioner's constitutional rights were not violated by the denial of his motion for a directed verdict. The evidence at trial included testimony from the petitioner and testimony from the victim as to the events that transpired on the day of the alleged assault. The testimony from the petitioner and the victim was conflicting. In short, the jury simply found the victim's testimony and version of these events more credible than it did petitioner's testimony. Although the evidence did support the self-protection instruction given to the jury, it did not **conclusively establish** self-defense. Thus, due to the conflicting evidence, petitioner was not entitled to a directed verdict as a matter of law. Consequently, the court concludes that petitioner has not shown entitlement to a certificate of appealability and that petitioner's appeal is not taken in good faith in that he has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

Turning now to petitioner's motion for leave to proceed *in forma pauperis* on appeal, petitioner has submitted the requisite affidavit of indigency reflecting that he has insufficient resources to pay the costs associated with his appeal. However, since the court has found that this appeal is not taken in good faith, pursuant to 28 U.S.C. § 1915(a)(3), petitioner is not entitled to proceed *in forma pauperis* on appeal. It would be inconsistent for a district court to determine that a petitioner is not entitled to a certificate of appealability, yet allow an appeal to proceed *in forma pauperis. See Frazier v. Hesson*, 40 F. Supp. 2d 957, 967 (W.D. Tenn. 1999) (citing *Williams v. Kullman*, 722 F.2d 1048, 1050 n. 1 (2nd Cir. 1983)). In *Owens v. Keeling*, 431 F.3d 763 (6th Cir. 2006), the United States Court of Appeals for the Sixth Circuit directed that, in accordance with the Advisory Committee's Note to the Federal Rules of Appellate Procedure in 1967, when a district court certifies that the appeal is not or would not be taken in good faith, a prisoner has two choices:

> The prisoner either may pay the full filing fee and any relevant costs and proceed on appeal for plenary review for leave to proceed as a pauper with the court of appeals.

*Id*. at 774 (citing to 16A Wright, Miller & Cooper, Federal Practice and Procedure § 3970 (3d ed. 1999)).

Thus, post-*Owens*, if an Appellant desires to choose the second option in order to proceed on appeal in forma pauperis, he must file a Motion to Proceed on Appeal in forma pauperis with the appellate court, as provided in Federal Rule of Appellate Procedure 24(a)(5). *Id*. This must be done within thirty (30) days and with supporting documentation, including his affidavit of assets and six-month certificate of inmate account. Fed. R. App. P. 24(a)(5).

Accordingly, **IT IS HEREBY ORDERED**:

(1) that Petitioner's request for the issuance of a certificate of appealability [Record No. 25] is **DENIED**; and

(2) that Petitioner's motion for leave to proceed *in forma pauperis* on appeal [Record No. 23] is **DENIED**.

This the 14th day of May, 2010.

Signed By:
*Joseph M. Hood*
Senior U.S. District Judge